```
           IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF ILLINOIS
                      EASTERN DIVISION

DAVID MURPHY,                  )
                               )
            Plaintiff,         )
                               )
    v.                         )      No.  07 C 5412
                               )
J.C. WHITNEY,                  )
                               )
            Defendant.         )
```

## MEMORANDUM ORDER

David Murphy ("Murphy") has used the Clerk's-Office-supplied printed form of 42 U.S.C. §1983 ("Section 1983") Complaint to file what is clearly not a Section 1983 lawsuit. Unfortunately, that is about the only thing that is clear about Murphy's Complaint, because his handwriting (really a kind of hybrid handwriting and handprinting) is so difficult to read that its substantive content must be guessed at in many respects.[1]

It does appear from Complaint ¶I that Murphy is currently in custody in Texas, while Complaint ¶II identifies defendant J.C. Whitney as employed in LaSalle, Illinois. This Court has labored to decipher Murphy's Statement of Claim in Complaint ¶IV, and what emerges is that:

  1. No federal question is presented to support this

---

[1] That difficulty is caused by Murphy's odd mixture of lower case and capital letters that are extremely hard to decipher. Whether a lack of training in grade school is to be blamed for this is an open question, but in all events Murphy's teachers must also have had a terrible time deciphering his written work.

Court's subject matter jurisdiction on that ground.

    2. Although Murphy and Whitney are presumably citizens of different states,[2] the amount in controversy is far below the over-$75,000 floor that is necessary to support federal jurisdiction on diversity of citizenship grounds.

It is of course this Court's obligation to determine the existence or nonexistence of federal subject matter jurisdiction at the beginning of every case (see, e.g., <u>Cook v. Winfrey</u>, 141 F.3d 322, 325 (7th Cir. 1998)) and to do that sua sponte (see, e.g., <u>Wernsing v. Thompson</u>, 423 F.3d 732, 743 (7th Cir. 2005)). Because such jurisdiction is plainly lacking here, both the Complaint and this action are dismissed for lack of such jurisdiction.[3]

                                           _____
                                           Milton I. Shadur
                                           Senior United States District Judge

Date:   September 27, 2007

---

    [2] That may or may not be true, because Murphy's Texas incarceration does not necessarily establish his citizenship in that state.

    [3] Under the circumstances, this Court denies both Murphy's application for leave to proceed in forma pauperis and his motion for appointment of counsel as moot.